1

### IN AND FOR THE 11ᵀᴴ JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
      Plaintiff,

Vs.                                                                    Case no: 2021-008261-CA-01

STATE OF FLORIDA, Division of Administrative
Hearings,
      Defendant.
_____/

## COMPLAINT

This is an action by Plaintiff, Shavon Johnson, ("Ms. Johnson") against Defendant, State of

Florida, Division of Administrative Hearings ("DOAH"), under Title VII of the Civil Rights Act

of 1964, as amended by 42 USCA 2000e, under 42 USCA 1983, and pursuant to Florida Statute

Chapter 760, the Florida Civil Rights Act of 1992, to redress injury done to her by the

Defendant's discriminatory treatment on the basis of her Race/National Origin and for retaliation

for Ms. Johnson objecting to and complaining of racial harassment and discrimination due to her

Race, Black and ancestor's original place of origin, Africa.

### Jurisdiction

1. This is an action for greater than $30,000.00 exclusive of interest, costs and fees.

2. The employment practices hereafter alleged to be unlawful were committed in the in Miami

Dade County, Florida.

### Parties:

3. Plaintiff, Ms. Johnson, was for all relevant times herein referenced a resident of Miami Dade

County, Florida.

4. Defendant, State of Florida, at all relevant times material hereto operated the Division of Administrative Hearings, Worker's Compensation Courts in Miami Dade County, Florida, where all of the acts herein alleged in violation of law occurred. DOAH is an agency and/or instrumentality of the State of Florida.

5. Defendant, DOAH, employed Plaintiff, Ms. Johnson from the period of time December 24, 2015 until her termination of June 6, 2016. DOAH was at all times pertinent to this Complaint engaged in interstate commerce and employed 15 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding year.

## Facts:

6. Plaintiff, Ms. Johnson, began employment with DOAH on or about December 24, 2015 as an administrative secretary for Judge Charles Hill.

7. During her employment she was exposed to continual use of the word "nigger" and "cracker" by co-worker Ms. Karen Vega (White Cuban descent). This word was directed toward Ms. Johnson and others. Ms. Johnson also heard others express to her that Ms. Vega used these terms. The use of these words occurred from end of January, 2016 through the time of termination on June, 6 2016. Ms. Johnson understands these words to directly relate to the continual historical belittlement by a sector of society who believes people with Black skin are less worthy as human beings than those without black skin. She senses the word "cracker" as exemplifying the cracking of the whip on her ancestors' backs at their whim. She understood the word "cracker" to equate to the disempowerment of her ancestors by those believing her ancestors were property of others because they did not deserve the same rights as others; being they had Black skin. Ms. Johnson also had to endure Ms. Joan Winters using this word "cracker" referring to herself being a whip "cracker", and to be subject to Ms. Winters' being

permitted to go see her daughter graduate without punishment, but then herself suffering punishment by termination for attending, after permission, the very same type of ceremony of Ms. Johnson's daughter.

8.  With this mindset Ms. Johnson was extremely disturbed by the use of these words. Ms. Johnson would complain to Ms. Vega about the use of these words. However, Ms. Vega expanded the frequency where she used these terms.

9. Ms. Vega was the assistant to Judge Hill, who Ms. Johnson reported to.

10. In April 2016 Ms. Vega's use of the words was so disturbing to Ms. Johnson that she complained to Judge Hill.  Ms. Johnson complained to Judge Hill about Ms. Vega's use of the words "nigger" and "cracker". Judge Hill did state he would speak to Ms. Vega and request she discontinue use of these words.

11. After Judge Hill spoke with Ms. Vega she began speaking Spanish around Ms. Johnson, but she would still use the word "nigger".

12. Then again, in April, 2016 Ms. Johnson complained to Judge Hill. However, he told Ms. Johnson to get with the program and be a team player.

13. Soon after this second conversation with Judge Hill Ms. Johnson discovered others had her personal information as to the time she reported off of work for doctor's appts for her daughter. Jokes were made around the office as to this activity of Ms. Johnson.

14.  Ms. Johnson was intentionally discriminated against due to her Race and/or National Origin when the State: 1). Made it a condition of Ms. Johnson's employment that she endure being exposed to the use of words "Nigger" and "Cracker"—which demeans her Black Race and/or

African National Origin. These words have undertones from a period of history when Blacks were diminished under the most extreme conditions by being slaves and being classified as chattel, or property of whites, who had no human dignity rights under the law.  Ms. Johnson's co-worker, Ms. Karen Vega (of White Cuban descent) used the word "nigger" continuously; even after Mr. Johnson complaining about the use of this word.  No non-African Black person had as a condition of their employment to endure such derogatory and hateful speech; 2). Made it a condition of Ms. Johnson's employment that she endure exposure to a white co-employee taking pride in calling herself a "cracker" and Ms. Vega calling this person a "cracker"). This word is known by Ms. Johnson to mean: a "white slave driver…. 'crack the whip'" upon the back of the African which the white person had ownership rights to. No non-African Black person had as a condition of their employment to endure such derogatory and hate filled speech. 3). Punished Ms. Johnson by termination due to her taking approved leave to go to her daughter's graduation ceremony, but permitted a non-Black/African American (White) to go to a similar ceremony on the same day without any criticism or punishment. 4). Inventing lies as to Ms. Johnson not having approval to go to her daughter's graduation (when the subject matter is documented). However, Defendants did not  attack the reputations of a non-Black/African American with such misrepresentations;  5). Criticizing Ms. Johnson for taking time to attend to her daughter's medical needs, but not doing so for any non-Black/African employee; 6). Terminating Ms. Johnson for behavior found permissible by non-Black/African employees. 7). Inventing excuses to terminate Ms. Johnson, but taking non such action against non-Black/African employees. 8). Retaliating against Ms. Johnson by terminating her because of her complaints about the racist language, but not taking adverse action against a non-Black/African person for making complaints about other work conditions.

15. This unequal treatment of Ms. Johnson by the State/DOAH, was due to Ms. Johnson's Race/National Origin. This disparate and adverse behavior by the State was done knowingly and with the intent to discriminate against Ms. Johnson due to her Race being Black and/or her National Origin being African.

16. Ms. Johnson was qualified for the position of Administrative Secretary. On or about a week or two prior to her termination on June 6, 2016, Ms. Johnson was given a favorable performance review.

17. On or about June 6, 2016 Ms. Johnson was told she was terminated by Judge Hill.

18. The catalyst for termination has proven to be a fabrication. Ms. Johnson was criticized for not getting permission to attend her daughter's graduation on June 3, 2016. However, on June 1, 2016 Ms. Johnson requested leave for going to her daughter's graduation ceremony for the morning hours on June 3, 2016. (As discussed in an email). Judge Hill affirmed that Ms. Johnson could take such leave. Also, white female, Ms. Joann Winters, was permitted to take leave that same day for the same reason.

19. The further catalyst for Ms. Johnson's termination was her allegedly talking on the phone in the cafeteria all day after she returned to work on June 3, 2016. However, the phone records show a few minutes of conversation only.

20. The additional justifications for termination are exposed as pretexts and unworthy of belief: While being pretexts, these additional reasons for termination never became relevant to Ms. Johnson's employment until after she complained about the use of these racially charged words.

21. Ms. Johnson's duties she once performed were filled by a Non-Black/African.

22. All actions taken and not taken by those making decisions as to the retaliation, discrimination and harassment alleged herein were taken in the course of their supervisory authority for DOAH, who had direct control and authority over Ms. Johnson.

23. Plaintiff, Ms. Johnson, has fulfilled all conditions precedent to the institution of this action under 42 USCA section 2000e. On or about June 7, 2016, Ms. Johnson filed a complaint alleging racial and national origin discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC). (**Exh. 1**). This complaint was accepted for filing with the Florida Commission on Human Relations (FCHR) on the same day.

24. On or about August 2, 2019 a letter of determination by the EEOC stated: "***the Commission finds that the evidence obtained does establish a violation under Title VII.***" (**Exh. 2**).

25. Because this was a State action case this matter was referred to the Department of Justice for issuance of a Right to Sue Letter. The Right to sue letter was received on or about January 14, 2021. (**Exh. 3**). This suit was filed within ninety (90) days of this notice.

## COUNT I
## TITLE VII, CIVIL RIGHTS ACT VIOLATION: DISCRIMINATION (Race/National Origin):

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the Civil Rights Act, sues Defendant, DOAH, for Race/National Origin discrimination, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

26. Defendant, DOAH's agent, terminated Plaintiff, Ms. Johnson, subjected her to disparate treatment and/or otherwise adversely affected her, because of her Race being Black and National origin being African.

27. When DOAH's agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or otherwise adversely affecting her, he/she was acting within the scope of his/her

authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

28.  Any alleged legitimate, non-discriminatory reason of DOAH for termination and/or otherwise adversely affecting Ms. Johnson, is a mere pretext for the actual reason for termination: her Race of Black and National Origin of African.

29.  As a direct and proximate result of the actions of the DOAH, described herein, Plaintiff, Ms. Johnson, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and loss of employment.

30. DOAH's actions of terminating Plaintiff, Ms. Johnson were wanton, willful and recklessly indifferent to the rights of Plaintiff.  Plaintiff is entitled to punitive damages because Defendant's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## <u>Jury Trial Demand:</u>

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT II
## TITLE VII, CIVIL RIGHTS VIOLATION: Retaliation:

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the Civil Rights Act, sues Defendant, DOAH, for retaliation, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

31. Plaintiff, Ms. Johnson was subject to disparate treatment, harassment and/or other adverse action due to her Race, which is Black, and her National Origin, which is African. (As specified above). Ms. Johnson then lawfully objected to and complained to DOAH's personnel, including supervisor(s) of Plaintiff and the decision maker(s) as to her adverse treatment regarding these violation of her rights. She complained that the treatment was abusive, harassing and discriminating (adverse treatment) relating to her being Black and African.

32. The complaints and objections of Plaintiff, Ms. Johnson, were made with the good faith belief that DOAH was acting illegally and/or were made by Ms. Johnson having had a reasonable basis for believing DOAH was acting illegally in violation of her rights as a Black and African person in the employment place. DOAH did in fact act illegally by adversely affecting, harassing and disparately treating Ms. Johnson due to her Race which is Black and National Origin which is African.

33. As a direct and proximate result of these complaints and petitions lodged by Plaintiff, Ms. Johnson, to Defendant, DOAH, Ms. Johnson was adversely effected by DOAH and/or discharged from her employment with DOAH on or about June 6, 2016.

34. At the time of termination of Plaintiff, Ms. Johnson, and at the time of the adverse effect visited upon her by Defendant, DOAH, DOAH was aware of the charges/complaints of discrimination and harassment made against it and the objections to the violations of Federal and State Law, Rule or Regulation aforementioned voiced by Ms. Johnson.

35. The Plaintiff, Ms. Johnson's, discharge from her employment by Defendant, DOAH, and the adverse employment action taken by DOAH, against Ms. Johnson were causally related to the

complaints and petitions Ms. Johnson made to DOAH concerning the racially discriminatory treatment and/or harassment of persons of the Black Race and/or of African National Origin.

36.  When Defendant, DOAH's, agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or adversely affecting her employment, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

37.  As a direct and proximate result of the actions of the Defendant, DOAH, Plaintiff has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

38.  The actions of terminating Plaintiff, Ms. Johnson, due to her complaints about the unlawful actions of Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson.  Ms. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, and malicious and were recklessly indifferent to the Plaintiff's Federally protected rights.

39.  Any alleged legitimate, non-discriminatory reason for discharge and or adverse treatment are mere pretexts for the actual reason for termination: retaliation for complaining about discrimination by Defendant against Plaintiff due to her Race which is Black and National Origin which is African.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pays compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful,

award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

**Jury Trial Demand**

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

**COUNT III**
**TITLE VII, CIVIL RIGHTS VIOLATION: Harassment:**

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the Civil Rights Act, sues Defendant, DOAH, for Race/National Origin based harassment, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

40. Plaintiff, Ms. Johnson, was subject to severe and pervasive mistreatment, harassment and/or adverse action due to her Race of Black and National Origin of African.

41. The harassment was so severe and pervasive that it altered the terms and conditions of her employment. Due to her Race/National Origin Ms. Johnson suffered abusive and unequal treatment. (As herein referenced).

42. Further, Plaintiff, Ms. Johnson, was subject to the ultimate form of punishment, termination based upon lies and pretexts which were unworthy of belief.

43. When Defendant, DOAH's, agent engaged in the aforesaid actions of harassing and adversely affecting Ms. Johnson's employment terms, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

44. As a direct and proximate result of this harassment and adverse effects visited upon Plaintiff, Ms. Johnson, by Defendant, DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

45. These harassing actions by Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson. Ms. Johnson is entitled to punitive damages

because DOAH's actions were wanton, willful, malicious and were recklessly indifferent to Ms. Johnson's Federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT IV
## FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Discrimination (Race/National Origin)

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Race/National Origin discrimination realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

46.  Defendant, DOAH's agent, terminated Plaintiff, Ms. Johnson, subjected her to disparate treatment and/or otherwise adversely affected her, was because of her Race being Black and National Origin being African.

47.  When DOAH's agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or otherwise adversely affecting her, he/she was acting within the scope of his/her

authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

48. Any alleged legitimate, non-discriminatory reason of DOAH for termination and/or otherwise adversely affecting Ms. Johnson, is a mere pretext for the actual reason for termination: her Race of Black and National Origin of African.

49. As a direct and proximate result of the actions of the DOAH, described herein, Plaintiff, Ms. Johnson, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and loss of employment.

50. DOAH's actions of terminating Plaintiff, Ms. Johnson, were wanton, willful and recklessly indifferent to the rights of Plaintiff. Plaintiff is entitled to punitive damages because Defendant's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's federally protected rights.

### PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment. Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand:

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT V
## FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Retaliation:

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Retaliation, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

51.  Plaintiff, Ms. Johnson was subject to disparate treatment, harassment and/or other adverse action due to her Race, which is Black, and her National Origin, which is African. (As specified above).   Ms. Johnson then lawfully objected to and complained to DOAH's personnel, including supervisor(s) of Plaintiff and the decision maker(s) as to her adverse treatment regarding these violation of her rights.  She complained that the treatment was abusive, harassing and discriminating (adverse treatment) relating to her being Black and of African descent.

52.  The complaints and objections of Plaintiff, Ms. Johnson, were made with the good faith belief that DOAH was acting illegally and/or were made by Ms. Johnson having had a reasonable basis for believing DOAH was acting illegally in violation of her rights as a Black person of African descent in the employment place.  DOAH did in fact act illegally by adversely affecting, harassing and disparately treating Ms. Johnson due to her Race which is Black and National Origin which is African.

53.  As a direct and proximate result of these complaints and petitions lodged by Plaintiff, Ms. Johnson, to Defendant, DOAH, Ms. Johnson was adversely effected by DOAH and/or discharged from her employment with DOAH on or about June 6, 2016.

54.  At the time of termination of Plaintiff, Ms. Johnson, and at the time of the adverse effect visited upon her by Defendant, DOAH, DOAH was aware of the charges/complaints of discrimination and harassment made against it and the objections to the violations of Federal and State Law, Rule or Regulation aforementioned voiced by Ms. Johnson.

55. The Plaintiff, Ms. Johnson's, discharge from her employment by Defendant, DOAH, and the adverse employment action taken by DOAH, against Ms. Johnson were causally related to the

complaints and petitions Ms. Johnson made to DOAH concerning the racially discriminatory treatment and harassment of persons of the Black Race and/or of African National Origin.

56.  When Defendant, DOAH's, agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or adversely affecting her employment, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

57.  As a direct and proximate result of the actions of the Defendant, DOAH, Plaintiff has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

58.  The actions of terminating Plaintiff, Ms. Johnson, due to her complaints about the unlawful actions of Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson.  Ms. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, and malicious and were recklessly indifferent to the Plaintiff's Federally protected rights.

59.  Any alleged legitimate, non-discriminatory reason for discharge and or adverse treatment are mere pretexts for the actual reason for termination: retaliation for complaining about discrimination by Defendant against Plaintiff due to her Race which is Black and National Origin which is African.

<strong>PRAYER FOR RELIEF</strong>

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful,

award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## **Jury Trial Demand**

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT VI
## **FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Harassment (Race/National Origin)**

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Race/National Origin based harassment, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

60.  Plaintiff, Ms. Johnson, was subject to severe and pervasive mistreatment, harassment and/or adverse action due to her Race of Black and National Origin of African.

61.  The harassment was so severe and pervasive that it altered the terms and conditions of her employment.  Due to her Race/National Origin Ms. Johnson suffered abusive and unequal treatment. (As herein referenced).

62.  Further, Plaintiff, Ms. Johnson, was subject to the ultimate form of punishment, termination based upon lies and pretexts which were unworthy of belief.

63.  When Defendant, DOAH's, agent engaged in the aforesaid actions of harassing and adversely affecting Ms. Johnson's employment terms, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

64.  As a direct and proximate result of this harassment and adverse effects visited upon Plaintiff, Ms. Johnson, by Defendant, DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

65. These harassing actions by Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson. Mr. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's State and Federally protected rights.

### PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment. Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### <u>Jury Trial Demand</u>

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

### COUNT VII
### <u>42 USCA 1983:</u>

COMES NOW, Plaintiff, Shavon Johnson, sues Defendant, DOAH, for violations of her rights under 42 USCA Section 1983, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

66. DOAH deprived Mr. Johnson of rights, privileges and immunities secured by the 14th Amendment to the Constitution of the United States. The Equal Protection Clause of the 14th Amendment guarantees that an individual will not be treated differently due to the person's Race or National Origin. Ms. Johnson was intentionally discriminated against due to her Race and/or National Origin when the State: 1). Made it a condition of Ms. Johnson's employment that she

endure being exposed to the use of words "Nigger" and "Cracker"—which demeans her Black Race and/or African National origin. These words have undertones from a period of history when Blacks were diminished under the most extreme conditions by being slaves and being classified as chattel, or property of whites, who had no human dignity rights under the law.  Ms. Johnson's co-worker, Ms. Karen Vega (of White Cuban descent) used the word "nigger" continuously; even after Mr. Johnson complaining about the use of this word.  No non-African Black person had as a condition of their employment to endure such derogatory and hateful speech; 2). Made it a condition of Ms. Johnson's employment that she endure exposure to a white co-employee taking pride in calling herself a "cracker" and Ms. Vega calling this person a "cracker". This word is known by Ms. Johnson to mean: a "white slave driver…. 'crack the whip'" upon the back of the African which the white person had ownership rights to. No non-African Black person had as a condition of their employment to endure such derogatory and hate filled speech. 3). Punished Ms. Johnson by termination due to her taking approved leave to go to her daughter's graduation ceremony, but permitted a non-Black/African American (White) to go to a similar ceremony on the same day without any criticism or punishment. 4). Inventing lies as to Ms. Johnson not having approval to go to her daughter's graduation (when the subject matter is documented). However, Defendants did not  attack the reputations of a non-Black/African American with such misrepresentations;  5). Criticizing Ms. Johnson for taking time to attend to her daughter's medical needs, but not doing so for any non-Black/African employee; 6). Terminating Ms. Johnson for behavior found permissible by non-Black/African employees. 7). Inventing excuses to terminate Ms. Johnson, but taking non such action against non-Black/African employees. 8). Retaliating against Ms. Johnson by terminating her because of her

complaints about the racist language, but not taking adverse action against a non-Black/African person for making complaints about other work conditions.

67. This unequal treatment of Ms. Johnson by the State/DOAH, was due to Ms. Johnson's Race/National Origin.  This disparate and adverse behavior by the State was done knowingly and with the intent to discriminate against Ms. Johnson due to her Race being Black and/or her National Origin being African.

68.  The decisions to terminate Ms. Johnson based upon her race and/or national origin and her complaints of Racial and/or National Origin discrimination and harassment; and, the decision to permit Ms. Johnson to be harassed and discrimination against due to her Race and/or National Origin, were decisions by the DOAH based upon their local policy to permit harassment and discrimination based upon Race and National Origin

69. These aforereferenced violations of Ms. Johnson's 14th Amendment Rights were accomplished under color of state law by misuse of power, possessed by virtue of state law, and made was possible only because the Defendant was clothed with the authority of state law.

70. The decision to permit this adverse and disparate treatment was accomplished by a person with supervisory and decision making authority at DOAH, while acting under his or her authority and, under color of State Law.

71.  As a direct and proximate result of this violation of Ms. Johnson's Fourteenth Amendment Rights under the United States Constitution and adverse effects visited upon Plaintiff, Ms. Johnson, by DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstates Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### <u>Jury Trial Demand</u>

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

Respectfully Submitted,

Law Office of Joseph S. Shook, Esq.

BY:_____s.s_____

Joseph S. Shook, Esq., FBN: 0780715, Attorney for Shavon Johnson

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

shooklaw@bellsouth.net                Dated:_____04/05/2021_____

1

## IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                Case no: 21-

STATE OF FLORIDA, Division of Administrative Hearings,
     Defendant.
_____/

## COMPLAINT

## EXHIBIT 1

EEOC Form 5 (11-09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2016-03878 |

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Shavon Johnson** | **(904) 631-6993** | **09-15-1983** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19920 N.W. 32 Avenue, Miami Gardens, FL 33056** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DIVISION OF ADMINSTRATIVE HEARING** | **201 - 500** | **(305) 377-5413** |

| Street Address | City, State and ZIP Code |
|---|---|
| **401 N.W. 2nd Avenue, Suite N-918,  Miami, FL 33128** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-09-2016** | **06-06-2016** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My race is Black, and my national origin is African American. I was employed by the above name employer as an Administrative Secretary from December 24, 2015, until I was I terminated in retaliation after I complained of racist comments. On February 9, 2016, Co-worker, Karen Vega (White, Cuban) often used the derogatory words to describe Black individuals and White individuals, (Niggers, Crackers) during her conversations while in the office. I asked Ms. Vega to stop using those words and told her that I found her use of those words offensive. However, after having the conversation with her, Ms. Vega continued to use "nigger" even more. For instance, she used the words on several dates 4/4/2016, 4/6, 4/12, 4/29/2016, so I complained to Judge Charles Hill (White). Judge Hill reassured me that he was going to speak with Ms. Vega and ask her to stop her using those words. However, after Judge Hill spoke to Ms. Vega, she began to speak in Spanish and continued to use Nigger in her conversation. I complained again to Judge Hill, however, he did not take any action. Judge Hill asked me to get with the program and be a team player. Soon afterward, My personal information was given out to Ms. Vega, who then printed out my personal time and discussed my time off with my other coworkers. For two weeks, I was the joke around the office for using my available time for doctors' appointment. On June 6, 2016, I was called into Judge Hill's office and was told that I was terminated in retaliation after I complained about the harassment.

When I asked why I was being terminated, I was told by Judge Hill that he could not discuss that with me.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| **Jun 07, 2016**          *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2016-03878 |

| Florida Commission On Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

I believe I was discriminated against because of my race, Black and national origin, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT |
| **Jun 07, 2016**   *Date*   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

1

### IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                                                          Case no: 21-

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

### __COMPLAINT__

### __EXHIBIT 2__



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami Direct Dial: (305) 808-1740
FAX (305) 808-1855

Charge No: 510-2016-03878C

Shavon Johnson                                                          Charging Party
19920 N.W. 32 Avenue
Miami Gardens, FL 33056

DIVISION OF ADMINSTRATIVE HEARINGS                  Respondent
c/o Stephanie R. Hayes, Esq. Staff Counsel
Division of Administrative Hearings
Office of the Judges of Compensation Claims
1180 Apalachee Pkwy,
Tallahassee, FL 32301

<u>Letter of Determination</u>

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge, filed under Title VII of the Civil Right Act of 1964, as amended (Title VII). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party, an Administrative Secretary, alleges that she was discriminated against because of her race, (Black), in violation of Title VII. Charging Party alleges that Keren Vega, race (White), national origin, Cuban used derogatory words to describe Black and White individuals as "Nigga's" & "Crackers." Charging Party alleges that she asked Keren Vega to stop using these words because they were offensive. According to the Charging Party, Ms. Vega continued used the word "Nigga" on several occasions. Charging Party alleges she complained to Judge Charles Hill, race (White) and he informed Charging Party that he would speak to Ms. Vega; however, the harassment continued, and Ms. Vega continued using the racial slurs, but in Spanish. Charging Party complained again and discussed her issues with Judge Hill a second time and Judge Hill took no action. Charging Party alleges that afterwards she discovered her personal information was being given to Ms. Vega and her time sheet information was discussed with other co-workers. Lastly, Charging Party alleges that Respondent terminated her in retaliation for complaining about the harassment.

Having reviewed and examined the evidence and based on this analysis, the Commission finds that the evidence obtained does establish a violation under Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter.

Please complete the enclosed Invitation to Conciliate, EEOC Form 153, and return it to the Commission at the above address on or before fifteen (15) days from the date of this letter. You may fax your response directly to (305) 808-1855, to the attention of MICHAEL S.

Letter of Determination
EEOC Charge No. 510-2016-03878C
Page 2 of 4

MATHELIER, EEOC Investigator.   You may also contact us to schedule a Conciliation Conference to be held in our Miami office.    Please be advised that the confidentiality provisions of Sections 706 and 709 of Title VII and the Commission's Regulations apply to information obtained during conciliation.

Failure to respond within fifteen (15) calendar days of the date of this letter will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII have not been successful.  Should you have any questions, please contact Investigator MICHAEL S. MATHELIER at (305) 808-1797.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in Commission's investigations is also prohibited.  These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

AUG 0 2 2...
Date

Michael J. Farrell
District Director

Enclosures: Invitation to Conciliate

cc: Charging Party Representative

Shavon Johnson
c/o Joseph S. Shook, Esq.
75 Valencia Avenue, 4th Floor
Coral Gables, FL 33134

1

## IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                                                          Case no: 21-

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## COMPLAINT

## EXHIBIT 3



**U.S. Department of Justice**

Civil Rights Division

DLK:KDW:KLF
DJ 170-17M-438

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

CERTIFIED MAIL 7003 0500 0002 5071 3645
RETURN RECEIPT REQUESTED

Mr. Michael J. Farrell, District Director
Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Ste. 1500
Miami, FL 33131

Re:     Edwin Feliciano v. Orange County Public School Board
        EEOC Charge No. 510-2015-04333

Dear Mr. Farrell:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).

We have forwarded the charging party a notice of right to sue, a copy of which is enclosed. We are returning all files in this case to your office and have informed the charging party of their availability.

Sincerely,

Delora L. Kennebrew
Chief
Employment Litigation Section

By:

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

Enclosures

## FW: Johnson, Shavon 510-2016-03878 RTS letters

From: Ferguson, Karen (CRT) (karen.ferguson@usdoj.gov)

To: shooklaw@bellsouth.net

Cc: jessica.weeks@usdoj.gov; michael.mathelier@eeoc.gov; kevin.neja@doah.state.fl.us

Date: Thursday, January 14, 2021, 02:18 PM EST


Good afternoon,


The subject letters are attached. The 90-day period begins upon receipt. Please respond to this email to acknowledge receipt.


Karen Ferguson, Supervisory Civil Rights Analyst

USDOJ, Civil Rights Division, Employment Litigation Section

4 Constitution Square

150 M Street, N.E. Room 9.514

Washington, D.C. 20530

202-514-2302




**From:** Woodard, Karen (CRT)
**Sent:** Thursday, January 14, 2021 2:01 PM
**To:** Ferguson, Karen (CRT) <Karen.Ferguson@crt.usdoj.gov>
**Subject:** RE: Johnson, Shavon 510-2016-03878 RTS letter.pdf


Karen,

Here you go.




**From:** Ferguson, Karen (CRT)
**Sent:** Thursday, January 14, 2021 1:02 PM
**To:** Woodard, Karen (CRT) <Karen.Woodard@crt.usdoj.gov>
**Subject:** Johnson, Shavon 510-2016-03878 RTS letter.pdf


Please sign

1/14/2021                          (106 unread) - shooklaw@bellsouth.net - AT&T Yahoo Mail

 Johnson Shavon 510-2016-03878 RTS letter.pdf
155.9kB

 Johnson Shavon Return to EEOC - Miami.pdf
156.2kB

1

# IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,

     Plaintiff,

Vs.                             Case no: 2021-008261-CA-01

STATE OF FLORIDA, Division of Administrative

Hearings,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES UPON State of Florida, Department of Administrative Hearings ("DOAH")

### TO: State of Florida, Division of Administrative Hearings

Pursuant to the Florida Rules of Civil Procedure, you are required to answer the following thirteen (13) Interrogatories propounded by Shavon Johnson ("Ms. Johnson") in writing and under oath within forty-five (45) days from the date of service.

### *Certificate of Service:*

I hereby certify that a true and correct copy of the foregoing was served upon Defendant as per the date listed on the Return of Service.

Respectfully Submitted,

*Law Office of Joseph S. Shook, P.A.*

By:_____S.S._____

Joseph S. Shook, Esq., attorney for Shavon Johnson

FBN: 0780715

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

shooklaw@bellsouth.net

2

# IN AND FOR THE 11ᵀᴴ JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,

     Plaintiff,

Vs.                                  Case no: 2021-008261-CA-01

STATE OF FLORIDA, Division of Administrative

Hearings,

     Defendant.

_____/

## *DEFINITIONS AND CONSTRUCTION – INTERROGATORIES*

For purposes of these interrogatories, the following definitions shall apply:

1. The term "Defendant," unless otherwise indicated, refer to Defendant, State of Florida, Department of Administrative Hearings ("DOAH") and, when not negated by the context, also refers to each and every officer, employee, attorney or agent of such person who presently holds such a position or who has held such a position during the relevant time period.

2. The term "document" refers to, and includes, but is not limited to, writing, drawings, graphs, charts, phonograph records, computer or other recording tapes, electronic communication, and every other type of physical evidence or data compilation.

3. The term "identify" when related to documents shall require a statement regarding the name, address, job category or classification or the custodian of documents and the present location of the document. In the event that any document which would have been described or identified in response to any interrogatory was but is no longer in existence, a statement shall be required whether such document is missing, lost, destroyed, transferred to others, or otherwise disposed of, and a further statement is requested setting forth the surrounding circumstances and approximate date of any such loss, destruction, transfer or other disposition.

4. "Identify" when referring to an individual will mean stating: the full name of the person; his/her address; their phone number; their date of birth; their email; the person's relationship to you; and whether or not you spoke with the person prior to answering these interrogatories.

5. The term "describe in detail" shall require in the case of an act, procedure, transaction, relationship, thing or occurrence:
   a. A full description of such act, procedure, transaction, relationship, thing or occurrence by reference to:
      1. date(s);
      2. places;

3

       3.person(s) involved; and
       4.manner or means employed

b.  Identification of your source(s) of information concerning such act, procedure, transaction, relationship, thing o occurrence, including the date upon which you received such information.

c.  Identification of each document relation to, or evidencing such act, procedure, transaction, relationship, thing or occurrence.

d.  Specification of each document so identified which you intend to offer into evidence, whether at trial or on deposition, stating the particular act(s) or occurrence(s) in connection with which the offer is to be made.

e.  Identification of each person having knowledge of such act, procedure, transaction, relationship, thing, or occurrence.

4

## **INTERROGATORIES TO Department of Administrative Hearings:**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.
   Answer:

5

2.   Specify the names, addresses, email addresses and phone numbers ("identify") of all persons or entities who were aware of the following: 1). Ms. Vega using the word "nigger" or "ninja" (whether personally hearing this or by way of having another repeat what she said); 2). the date Judge Medina Shore became aware of Ms. Johnson's alleged poor performance; 3). the date Judge Medina Shore became aware of Ms. Johnson's accusation that Ms. Vega used the word "nigger" and/or Ms. Winters used the word "cracker"; 4). The identity of all persons interviewed relating to Ms. Johnson's termination; 5). The identity of all persons who were relied upon for information used in support of terminating Ms. Johnson; 6). Whether or not Ms. Johnson was formally counseled for any behavior alleged to have been a contributor to her termination; 7). Complaints of Ms. Johnson as to behavior of Ms. Vega or Ms. Winters; 8). All those who either heard the word "nigger" or "cracker" used in Miami's DOAH from June 2012 through June 2017 or who heard that the word "nigger" or "cracker" was used in Miami's DOAH during this time; 9). What Judge Hill said in his interview relating to Ms. Johnson's complaints; 10). All those who complained about the word "nigger" or "cracker" being used in Miami's DOAH and; The date Judge Median Shore learned of Ms. Johnson's complaint as to the use of he word "nigger" and/or "cracker.".

6

3. Please specify all communications made by Ms. Johnson or any other, as well as the identity of the person to whom the communication(s) was(were) made, whereby Ms. Johnson or any other in any way voiced disapproval of any action or inaction relating to any conduct of Ms. Vega or Winters where they were using words relating to the Race of Black or National Origin of African and/or using the word "nigger", "ninja" or "cracker" while also identifying: 1). The response of the person to whom Ms. Johnson or any other made such communication; 2). Each person who was told of the complaint; and 3).  The date of the complaint.

7

5.  As to any communications/complaints as specified in interrogatory number 4, please state: (1). Whether there was an investigation into the communication/complaint and if so describe whether there was a determination of whether Ms. Winters or Ms. Vega did take actions such as using the words "nigger"; "ninja" or "cracker" and if so;  (2). State whether any such conduct was documented , and if so, specify the nature of the documents wherein the deficiency was documented.

8

6. Please specify all communications made by any person to any other person, including but not limited to an employee at DOAH, as well as the identity of the person to whom the communication(s) was(were) made, whereby the person in any way voiced disapproval of Ms. Vega's or Ms. Winter's behavior regarding a violation of DOAH's policies as regarding Race or National Origin from June 2012 through June 2107; while also identifying: 1). The response of the person to whom the employee made such communication; 2). Each person who was told of the complaint; and 3). The date of the complaint.

9

7. Describe the following with specificity: 1). The reason for the termination of Ms. Johnson; 2). The date the decision was made; 3). The identity of the person (including who the person was employed by) who made the final decision to terminate her; 4). All information relied upon in deciding to terminate Ms. Johnson, including but not limited to all actions of Ms. Johnson which contributed to her termination and any written policy directives she violated, the date she took or failed to take such actions and the name and address of all witnesses to such actions; and 5). the identity of the person who first articulated the idea that Ms. Johnson would be terminated (including who the person worked for) and the date of articulation as well as the identity of the person to whom the idea was articulated. (This response shall exclude attorney client communication).

10

8. Identify (and include who the person was employed by) the person or persons who had authority to terminate Ms. Johnson, and identify separately, the person or persons who actually participated in the decision to terminate her, while describing the action they took to terminate Ms. Johnson. "Participate in the reason for termination" shall be defined as any person who took any action, however small, which contributed to the termination, or which was relied upon in deciding to terminate Plaintiff, including but not limited to persons who made recommendations or who gave information to the ultimate decision maker.

11

9.   Please state whether there have been any substantially similar complaints against any employee at Miami's DOAH  where Ms. Vega or Winters worked, or against Ms. Vega or Winters personally, over the last five (5) years as to adverse actions being taken by DOAH, against any employee who voiced disapproval as to Racial or National Origin based behavior.  If so, please state the name and address of the complainant, the date of the complaint, the disposition of the complaint and if the case was filed in a court of law the style of the case, the case number and the County in which it was filed.

12

10. Please state whether there have been any substantially similar complaints against any Ms. Vega or Winters over the last five (5) years as to Racial or National Origin based behavior. If so, please state the name and address of the complainant, the date of the complaint, the disposition of the complaint and if the case was filed in a court of law the style of the case, the case number and the County in which it was filed.

13

11. . As to each person or entity, who in Defendant's opinion possesses knowledge or information that is or may be relevant to any claim asserted in Plaintiff's complaint or any defense asserted by Defendant in this case:

   (a).  Identify the person or entity;

   (b).  Describe in detail the subject matter and the substance of such knowledge or information the person or entity may possess;

   (c).  Whether you now expect to call such person or representative of such entity as a witness at trial;

   (d).  Whether such person or a representative of such entity has been interviewed by, contacted by, or communicated with Defendant or someone acting on Defendant's behalf.

14

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Answer:

15

13. State the identity of all persons who were disciplined or terminated from June 2012 through June 2017 whereby either Judge Hill, Judge Medina Shore or Ms. Vega participated in the discipline or termination. "Participate in the discipline or termination" shall be defined as any person who took any action, however small, which contributed to the discipline or termination, including but not limited to persons who made recommendations or who gave information to the ultimate decision maker of the discipline or termination.

16

_____

BY:

State of Florida, Department of Administrative Hearings

SWORN TO AND SUBSCRIBED before me this _____ day of _____,
_____, by _____, who after having produced _____as
identification or who is personally known to me .

_____

Notary Public

State at Large                My Commission Expires:

1

# IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                             Case no: 2021-008261-CA-01

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT State of Florida, Division of Administrative Hearings

Pursuant to the Rule of Civil Procedure, the Plaintiff, Shavon Johnson ("Ms. Johnson") requests

that Defendant, State of Florida, Division of Administrative Hearings ("DOAH") produce the

attached designated documents, articles, items or things which contain or constitute matters

within the scope of discovery permitted by Rule 1.280(b), Florida Rules of Civil Procedure, and

which are in the possession, control or custody of said Defendant, and to permit the undersigned

attorney, or someone acting in his behalf, to inspect, copy or photograph any of the designated

documents, articles or things, or to inspect, copy, test or sample the same, or to permit entry upon

any designated property or land for the purpose of inspecting, measuring or photographing the

same, or anything on it.

A written response shall be filed and served on the undersigned attorney within 30 days after

service of this request advising as to the availability of the designated documents, articles or

things, whether or not they are available for production, and when and where the requested

inspection, copying, review, or other activity may be permitted, or setting forth any objection

you might have to such request.


A true and correct and legible copy of any written document or article may be produced in lieu of

the original unless production of the original is specifically requested.

2

## **DEFINITIONS AND INSTRUCTIONS**

As used herein, the term "document" is used in the broadest possible sense and means, without limitation, the original and all non-identical copies and drafts of any printed, typed, Photostatted, photographed, recorded or otherwise reproduced communication, including but not limited to reports, newsletters, account books, ledgers, notices handwritten notes, newspapers or magazine articles, electronic data, memoranda, texts of speeches, written graphic matters, correspondence, Zoom recordings, computer print-outs, videotapes, data compilations and any other written, printed or recorded matter; and applies to all documents on the particular subject in the possession, custody or control of the defendant.

No document requested or described herein or otherwise relevant to the subject matter of this litigation may from the date of these requests be discarded, destroyed, concealed or altered in any way.  If any documents requested herein have been previously lost, discarded or destroyed, they shall be identified as completely as possible by providing the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal and person disposing of the document.

## **DOCUMENTS TO BE PRODUCED:**

1. All documents that in your opinion will establish or could lead to establishing the any justification for the termination of Ms. Johnson  (Outside of attorney client communication).
2. All documents showing any reviews or critiques of Ms. Johnson's performance.
3. Documents discussing any complaint by Ms. Johnson that the word "nigger" or "cracker" was used.
4. Documents discussing complaints or criticism of any sort against Ms. Karen Vega as to her behavior with others during period of time June 2012 through June 2017.
5. Documents discussing complaints or criticism of any sort against Joanne Winters as to her behavior with others during the period of time June 2012 through June 2017.

6.  Documents showing complaints or criticism of any sort against Ms. Karen Vega as to her behavior with others during period of time June 2012 through June 2017.

7.  Documents showing complaints or criticism of any sort against Joanne Winters as to her behavior with others during the period of time June 2012 through June 2017.

8.  Documents showing counseling of Ms. Johnson for her performance while working for DOAH.

9.  Documents showing counseling of employees who worked for or assisted Judge Medina Shore for the period of time June 2012 through June 2017.

10. Documents showing counseling of employees who worked for Judge Charles Hill for the period of time June 2012 through June 2017.

11. Documents showing discipline of employees who worked for or assisted Judge Medina Shore for the period of time June 2012 through June 2017.

12. Documents showing discipline of employees who worked for Judge Charles Hill for the period of time June 2012 through June 2017.

13. Documents relating to complaints by any employee in DOAH in Miami as to racially based behavior as Race refers to Black, including but not limited to harassment, derogatory comments, use of racially charged words, discrimination or any other behavior which related to a person's Race being Black. These documents should include but not be limited to all pleadings, discovery, and responses to discovery in any case filed, and any communications, disciplinary action taken or not taken and results of any investigation into the complaint against the relevant employee..

14. Documents relating to complaints by any employee in DOAH in Miami as to national origin based behavior as the national origin relates to African, including but not limited to harassment, derogatory comments, use of racially charged words, discrimination or any other behavior which related to a person's race being of African descent. These documents should include but not be limited to all pleadings, discovery, and responses to discovery in any case filed, and any communications, disciplinary action taken or not taken and results of any investigation into the complaint against the relevant employee.

15. Any document showing Ms. Johnson voicing of disapproval of any behavior of Ms. Vega or Ms. Winters from the period of time she worked at DOAH.

4

16. Any document showing any mention of Ms. Johnson voicing of disapproval of any behavior of Ms. Vega or Ms. Winters from the period of time she worked at DOAH.

17. Any document showing someone repeating any of Ms. Johnson's voicing of disapproval of any behavior of Ms. Vega or Ms. Winters, or any response thereto.

18. Documents relied upon in deciding to terminate Ms. Johnson.

19. Documents recommending, suggesting or intimating that Ms. Johnson be disciplined or terminated.

20. Documents which show or speak of behavior of Ms. Johnson which was relied upon to terminate her.

21. Documents showing the results of any investigation by DOAH (or any agent of DOAH) into any subject matter of Ms. Johnson voicing of disapproval as to behavior of Ms. Vega or Ms. Winters.

22. Documents showing any coaching, criticism, reprimand or discipline of Ms. Vega or Ms. Winters as that coaching, criticism, reprimand or discipline relates to their behavior as to: the way they treated any employee at DOAH from June 2021 through June 2017. (This includes Ms. Johnson).

23. Documents showing any coaching, criticism, reprimand or discipline of Ms. Vega or Ms. Winters as that coaching, criticism, reprimand or discipline relates to their behavior as to: the way they treated any employee at DOAH from June 2021 through June 2017 as that treatment relates to the Race of Black or National Origin of African.

24. Documents showing any coaching, criticism, reprimand or discipline of any person who worked below Ms. Vega where she had supervisory authority them from the period of time June 2012 through June 2017 as that coaching, criticism, reprimand or discipline relates to the person treating another in a way which related to the person's Race being Black and or National Origin being African.

25. Documents showing complaints against any employee working at Miami's DOAH from the period of time June 2012 through June 2017 as to adverse action being taken by any employee of DOAH, against any employee who voiced disapproval as to: Racially based behavior or National Origin based behavior where the Race was Black and the National Origin was African. This information should include but not be limited to: communications case filings and pleadings, discovery request and responses, disciplinary

action taken or not taken and results of any investigation into the complaint against the "relevant employee."

26. Entire personnel file of Ms. Johnson, including but not limited to all performance reviews.

27. Entire personnel file of Ms. Karen Vega.

28. All polices of DOAH in effect from June 2012 through June 2017 speaking to the subject of disciplinary methods and counseling to be followed by DOAH.

29. All policies of DOAH in effect from June 2012 through June 2017 speaking to the subject of Racial or National origin based behavior and the procedure for making complaints when such behavior is reported.

30. All policies of DOAH in effect from June 2012 through June 2017 speaking to the subject disciplining and/or counseling an employee who engages in Racial or National origin based behavior.

31. Employee handbooks in effect from June 2012 through June 2017 which speak to the terms under which an employee works, including but not limited to benefits and appropriate disciplinary action.

32. All documents which DOAH believes will be used and/or can be used to establish a manner to prove any defense or claim being asserted.

33. Statements from Ms. Johnson.

34. Statements taken of all those who were interviewed by the DOAH as relates to Ms. Johnson's termination and/or complaints made by Ms. Johnson as to Racial or National Origin behavior.

35. Documents showing any part of any investigation into complaints against Ms. Vega or Ms. Winters as that investigation regards either of these people engaging in behavior which was alleged to have been Racially related or related to a person's National Origin.

36. Documents showing counseling or discipline of Ms. Vega or Ms. Winters as that counseling or discipline relating to either of these people engaging in behavior which was alleged to have been Racially related or related to a person's National Origin.

37. Documents showing facts which were used as the basis of discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017

where Ms. Vega had supervisory authority over the employee, and/or where Ms. Vega was the person initiating the discipline, counseling or termination.

38. Documents showing facts relating to the discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017 where Ms. Vega had supervisory authority over the employee, and/or where Ms. Vega was the person initiating the discipline, counseling or termination.

39. Documents showing facts which were used as the basis of discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017 where Judge Hill had supervisory authority over the employee, and/or where Judge Hill was the person initiating the discipline, counseling or termination.

40. Documents showing facts relating to the discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017 where Judge Hill had supervisory authority over the employee, and/or where Judge Hill was the person initiating the discipline, counseling or termination.

41. Documents showing facts which were used as the basis of discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017 where Judge Medina Shore had supervisory authority over the employee, and/or where Judge Medina Shore was the person initiating the discipline, counseling or termination.

42. Documents showing facts relating to the discipline, counseling, or termination of any employee at Miami's DOAH from June 2012 through June 2017 where Judge Medina Shore had supervisory authority over the employee, and/or where Judge Medina Shore was the person initiating the discipline, counseling or termination.

43. Documents showing the date Judge Medina Shore became aware of Ms. Johnson's alleged poor performance.

44. Documents showing the date Judge Medina Shore became aware of Ms. Johnson's accusation that Ms. Vega used the word "nigger" and/or Ms. Winters used the word "cracker"'

45. Documents showing the date Judge Chares Hill became aware of Ms. Johnson's alleged poor performance.

46. Documents showing the date Judge Charles Hill became aware of Ms. Johnson's accusation that Ms. Vega used the word "nigger" and/or Ms. Winters used the word "cracker"'

47. Documents showing Ms. Winters was permitted to take leave to witness her child's ceremony relating to school activities in 2016.

48. Statement of Judge Hill taken relating to any investigation into Ms. Johnson's complaints that she was exposed to behavior related to her Race and/or National Origin or relating to Ms. Johnson's termination.

49. All documents showing Ms. Johnson requested time off to go to her daughter's graduation in 2016 and any response thereto.

50.   All documents showing Ms. Winters requested time off to go to her child's graduation in 2016.

## *Certificate of Service:*

I hereby certify that a true and correct copy of the foregoing was served upon Defendant, DOAH., on the date appearing on the return of service.

Respectfully Submitted,

Law Office of Joseph S. Shook, P.A.

By:_____s/s_____

Joseph S. Shook, Esq., attorney for Shavon Johnson

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

shooklaw@bellsouth.net

## Fw: State court

From:  Joseph S. Shook, Esq. (shooklaw@bellsouth.net)

To:    shooklaw@bellsouth.net

Date:  Friday, March 5, 2021, 09:20 AM EST


*sJoseph S. Shook, Esq.*
*Law office of Joseph S. Shook, Esq.*
*75 Valencia Ave, 4th floor*
*Coral Gables, FL 33134*
*Telephone (305) 446-4177*
*Facsimile (305) 446-4565*
*shooklaw@bellsouth.net*


----- Forwarded Message -----
**From:** Shavon <johnson06112011@gmail.com>
**To:** Attorney Shook <shooklaw@bellsouth.net>
**Sent:** Thursday, March 4, 2021, 11:18:34 AM EST
**Subject:** State court

Good morning Attorney Shook let's go ahead and respond to do my case in State court.. That's my final decision.

Shavon Johnson

Ms. SJ

Filing # 127766011 E-Filed 05/28/2021 02:02:45 PM

**IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA**

SHAVON JOHNSON, an individual,
     Plaintiff,
Vs.                                   Case no: 2021-008261-CA-01
STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE: GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and Request to Produce in the above-styled cause upon the Defendant:
**State of Florida, Division of Administrative Hearings**
**C/O Secretary of State**
**P.O. Box 6327**
**Tallahassee FL, 32314**

Each Defendant is required to serve written defenses to the complaint or petition on

Joseph S. Shook, Esq., Attorney for Plaintiff
75 Valencia Ave.,
#4th Floor
Coral Gables FL, 33134
(305) 446-4177

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said defenses with the clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the complaint or petition.
WITNESS my hand and seal of said Court on _____, 2021.
                   Clerk, County and Circuit Court
                   By _____
                        As Deputy Clerk        (Court Seal)

1

## IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.
                                    Case no: 2021-008261-CA-01

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## COMPLAINT

This is an action by Plaintiff, Shavon Johnson, ("Ms. Johnson") against Defendant, State of

Florida, Division of Administrative Hearings ("DOAH"), under Title VII of the Civil Rights Act

of 1964, as amended by 42 USCA 2000e, under 42 USCA 1983, and pursuant to Florida Statute

Chapter 760, the Florida Civil Rights Act of 1992, to redress injury done to her by the

Defendant's discriminatory treatment on the basis of her Race/National Origin and for retaliation

for Ms. Johnson objecting to and complaining of racial harassment and discrimination due to her

Race, Black and ancestor's original place of origin, Africa.

## Jurisdiction

1.  This is an action for greater than $30,000.00 exclusive of interest, costs and fees.

2.  The employment practices hereafter alleged to be unlawful were committed in the in Miami

Dade County, Florida.

## Parties:

3.  Plaintiff, Ms. Johnson, was for all relevant times herein referenced a resident of Miami Dade

County, Florida.

2

4.  Defendant, State of Florida, at all relevant times material hereto operated the Division of Administrative Hearings, Worker's Compensation Courts in Miami Dade County, Florida, where all of the acts herein alleged in violation of law occurred.  DOAH is an agency and/or instrumentality of the State of Florida.

5.  Defendant, DOAH, employed Plaintiff, Ms. Johnson from the period of time December 24, 2015 until her termination of June 6, 2016.  DOAH was at all times pertinent to this Complaint engaged in interstate commerce and employed 15 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding year.

**<u>Facts:</u>**

6.  Plaintiff, Ms. Johnson, began employment with DOAH on or about December 24, 2015 as an administrative secretary for Judge Charles Hill.

7. During her employment she was exposed to continual use of the word "nigger" and "cracker" by co-worker Ms. Karen Vega (White Cuban descent). This word was directed toward Ms. Johnson and others. Ms. Johnson also heard others express to her that Ms. Vega used these terms. The use of these words occurred from end of January, 2016 through the time of termination on June, 6 2016. Ms. Johnson understands these words to directly relate to the continual historical belittlement by a sector of society who believes people with Black skin are less worthy as human beings than those without black skin.  She senses the word "cracker" as exemplifying the cracking of the whip on her ancestors' backs at their whim.  She understood the word "cracker" to equate to the disempowerment of her ancestors by those believing her ancestors were property of others because they did not deserve the same rights as others; being they had Black skin. Ms. Johnson also had to endure Ms. Joan Winters using this word "cracker" referring to herself being a whip "cracker", and to be subject to Ms. Winters' being

3

permitted to go see her daughter graduate without punishment, but then herself suffering punishment by termination for attending, after permission, the very same type of ceremony of Ms. Johnson's daughter.

8.  With this mindset Ms. Johnson was extremely disturbed by the use of these words. Ms. Johnson would complain to Ms. Vega about the use of these words. However, Ms. Vega expanded the frequency where she used these terms.

9. Ms. Vega was the assistant to Judge Hill, who Ms. Johnson reported to.

10. In April 2016 Ms. Vega's use of the words was so disturbing to Ms. Johnson that she complained to Judge Hill.  Ms. Johnson complained to Judge Hill about Ms. Vega's use of the words "nigger" and "cracker". Judge Hill did state he would speak to Ms. Vega and request she discontinue use of these words.

11. After Judge Hill spoke with Ms. Vega she began speaking Spanish around Ms. Johnson, but she would still use the word "nigger".

12. Then again, in April, 2016 Ms. Johnson complained to Judge Hill. However, he told Ms. Johnson to get with the program and be a team player.

13. Soon after this second conversation with Judge Hill Ms. Johnson discovered others had her personal information as to the time she reported off of work for doctor's appts for her daughter. Jokes were made around the office as to this activity of Ms. Johnson.

14.  Ms. Johnson was intentionally discriminated against due to her Race and/or National Origin when the State: 1). Made it a condition of Ms. Johnson's employment that she endure being exposed to the use of words "Nigger" and "Cracker"—which demeans her Black Race and/or

4

African National Origin. These words have undertones from a period of history when Blacks were diminished under the most extreme conditions by being slaves and being classified as chattel, or property of whites, who had no human dignity rights under the law.  Ms. Johnson's co-worker, Ms. Karen Vega (of White Cuban descent) used the word "nigger" continuously; even after Mr. Johnson complaining about the use of this word.  No non-African Black person had as a condition of their employment to endure such derogatory and hateful speech; 2). Made it a condition of Ms. Johnson's employment that she endure exposure to a white co-employee taking pride in calling herself a "cracker" and Ms. Vega calling this person a "cracker"). This word is known by Ms. Johnson to mean: a "white slave driver…. 'crack the whip'" upon the back of the African which the white person had ownership rights to. No non-African Black person had as a condition of their employment to endure such derogatory and hate filled speech. 3). Punished Ms. Johnson by termination due to her taking approved leave to go to her daughter's graduation ceremony, but permitted a non-Black/African American (White) to go to a similar ceremony on the same day without any criticism or punishment. 4). Inventing lies as to Ms. Johnson not having approval to go to her daughter's graduation (when the subject matter is documented). However, Defendants did not  attack the reputations of a non-Black/African American with such misrepresentations;  5). Criticizing Ms. Johnson for taking time to attend to her daughter's medical needs, but not doing so for any non-Black/African employee; 6). Terminating Ms. Johnson for behavior found permissible by non-Black/African employees. 7). Inventing excuses to terminate Ms. Johnson, but taking non such action against non-Black/African employees. 8). Retaliating against Ms. Johnson by terminating her because of her complaints about the racist language, but not taking adverse action against a non-Black/African person for making complaints about other work conditions.

5

15. This unequal treatment of Ms. Johnson by the State/DOAH, was due to Ms. Johnson's Race/National Origin. This disparate and adverse behavior by the State was done knowingly and with the intent to discriminate against Ms. Johnson due to her Race being Black and/or her National Origin being African.

16. Ms. Johnson was qualified for the position of Administrative Secretary. On or about a week or two prior to her termination on June 6, 2016, Ms. Johnson was given a favorable performance review.

17. On or about June 6, 2016 Ms. Johnson was told she was terminated by Judge Hill.

18. The catalyst for termination has proven to be a fabrication. Ms. Johnson was criticized for not getting permission to attend her daughter's graduation on June 3, 2016. However, on June 1, 2016 Ms. Johnson requested leave for going to her daughter's graduation ceremony for the morning hours on June 3, 2016. (As discussed in an email). Judge Hill affirmed that Ms. Johnson could take such leave. Also, white female, Ms. Joann Winters, was permitted to take leave that same day for the same reason.

19. The further catalyst for Ms. Johnson's termination was her allegedly talking on the phone in the cafeteria all day after she returned to work on June 3, 2016. However, the phone records show a few minutes of conversation only.

20. The additional justifications for termination are exposed as pretexts and unworthy of belief: While being pretexts, these additional reasons for termination never became relevant to Ms. Johnson's employment until after she complained about the use of these racially charged words.

21. Ms. Johnson's duties she once performed were filled by a Non-Black/African.

22. All actions taken and not taken by those making decisions as to the retaliation, discrimination and harassment alleged herein were taken in the course of their supervisory authority for DOAH, who had direct control and authority over Ms. Johnson.

23.   Plaintiff, Ms. Johnson, has fulfilled all conditions precedent to the institution of this action under 42 USCA section 2000e.  On or about June 7, 2016, Ms. Johnson filed a complaint alleging racial and national origin discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC). (*Exh. 1*).  This complaint was accepted for filing with the Florida Commission on Human Relations (FCHR) on the same day.

24.  On or about August 2, 2019 a letter of determination by the EEOC stated: "*the Commission finds that the evidence obtained does establish a violation under Title VII.*" (*Exh. 2*).

25.  Because this was a State action case this matter was referred to the Department of Justice for issuance of a Right to Sue Letter.  The Right to sue letter was received on or about January 14, 2021. (*Exh. 3*).  This suit was filed within ninety (90) days of this notice.

## COUNT I
## TITLE VII, CIVIL RIGHTS ACT VIOLATION: DISCRIMINATION (Race/National Origin):

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the Civil Rights Act, sues Defendant, DOAH, for Race/National Origin discrimination, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

26.  Defendant, DOAH's agent, terminated Plaintiff, Ms. Johnson, subjected her to disparate treatment and/or otherwise adversely affected her, because of her Race being Black and National origin being African.

27.  When DOAH's agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or otherwise adversely affecting her, he/she was acting within the scope of his/her

7

authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

28. Any alleged legitimate, non-discriminatory reason of DOAH for termination and/or otherwise adversely affecting Ms. Johnson, is a mere pretext for the actual reason for termination: her Race of Black and National Origin of African.

29. As a direct and proximate result of the actions of the DOAH, described herein, Plaintiff, Ms. Johnson, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and loss of employment.

30. DOAH's actions of terminating Plaintiff, Ms. Johnson were wanton, willful and recklessly indifferent to the rights of Plaintiff. Plaintiff is entitled to punitive damages because Defendant's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment. Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand:

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT II
### TITLE VII, CIVIL RIGHTS VIOLATION: Retaliation:

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the

Civil Rights Act, sues Defendant, DOAH, for retaliation, realleges as if set forth herein

paragraphs 1-25 of this initial complaint and states:


31.  Plaintiff, Ms. Johnson was subject to disparate treatment, harassment and/or other adverse

action due to her Race, which is Black, and her National Origin, which is African. (As specified

above).   Ms. Johnson then lawfully objected to and complained to DOAH's personnel, including

supervisor(s) of Plaintiff and the decision maker(s) as to her adverse treatment regarding these

violation of her rights.  She complained that the treatment was abusive, harassing and

discriminating (adverse treatment) relating to her being Black and African.

32.  The complaints and objections of Plaintiff, Ms. Johnson, were made with the good faith

belief that DOAH was acting illegally and/or were made by Ms. Johnson having had a

reasonable basis for believing DOAH was acting illegally in violation of her rights as a Black

and African person in the employment place.  DOAH did in fact act illegally by adversely

affecting, harassing and disparately treating Ms. Johnson due to her Race which is Black and

National Origin which is African.

33.  As a direct and proximate result of these complaints and petitions lodged by Plaintiff, Ms.

Johnson, to Defendant, DOAH, Ms. Johnson was adversely effected by DOAH and/or

discharged from her employment with DOAH on or about June 6, 2016.

34.  At the time of termination of Plaintiff, Ms. Johnson, and at the time of the adverse effect

visited upon her by Defendant, DOAH, DOAH was aware of the charges/complaints of

discrimination and harassment made against it and the objections to the violations of Federal and

State Law, Rule or Regulation aforementioned voiced by Ms. Johnson.

35.  The Plaintiff, Ms. Johnson's, discharge from her employment by Defendant, DOAH, and the

adverse employment action taken by DOAH, against Ms. Johnson were causally related to the

complaints and petitions Ms. Johnson made to DOAH concerning the racially discriminatory treatment and/or harassment of persons of the Black Race and/or of African National Origin.

36.  When Defendant, DOAH's, agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or adversely affecting her employment, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

37.  As a direct and proximate result of the actions of the Defendant, DOAH, Plaintiff has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

38.  The actions of terminating Plaintiff, Ms. Johnson, due to her complaints about the unlawful actions of Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson.  Ms. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, and malicious and were recklessly indifferent to the Plaintiff's Federally protected rights.

39.  Any alleged legitimate, non-discriminatory reason for discharge and or adverse treatment are mere pretexts for the actual reason for termination: retaliation for complaining about discrimination by Defendant against Plaintiff due to her Race which is Black and National Origin which is African.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pays compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful,

award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

### COUNT III
### TITLE VII, CIVIL RIGHTS VIOLATION: Harassment:

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Title VII, 42 USCA Section 2000 e of the Civil Rights Act, sues Defendant, DOAH, for Race/National Origin based harassment, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

40. Plaintiff, Ms. Johnson, was subject to severe and pervasive mistreatment, harassment and/or adverse action due to her Race of Black and National Origin of African.

41. The harassment was so severe and pervasive that it altered the terms and conditions of her employment. Due to her Race/National Origin Ms. Johnson suffered abusive and unequal treatment. (As herein referenced).

42. Further, Plaintiff, Ms. Johnson, was subject to the ultimate form of punishment, termination based upon lies and pretexts which were unworthy of belief.

43. When Defendant, DOAH's, agent engaged in the aforesaid actions of harassing and adversely affecting Ms. Johnson's employment terms, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

44. As a direct and proximate result of this harassment and adverse effects visited upon Plaintiff, Ms. Johnson, by Defendant, DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

45. These harassing actions by Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson. Ms. Johnson is entitled to punitive damages

because DOAH's actions were wanton, willful, malicious and were recklessly indifferent to Ms. Johnson's Federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT IV
## FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Discrimination (Race/National Origin)

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Race/National Origin discrimination realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

46.  Defendant, DOAH's agent, terminated Plaintiff, Ms. Johnson, subjected her to disparate treatment and/or otherwise adversely affected her, was because of her Race being Black and National Origin being African.

47.  When DOAH's agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or otherwise adversely affecting her, he/she was acting within the scope of his/her

12

authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

48. Any alleged legitimate, non-discriminatory reason of DOAH for termination and/or otherwise adversely affecting Ms. Johnson, is a mere pretext for the actual reason for termination: her Race of Black and National Origin of African.

49. As a direct and proximate result of the actions of the DOAH, described herein, Plaintiff, Ms. Johnson, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and loss of employment.

50. DOAH's actions of terminating Plaintiff, Ms. Johnson, were wanton, willful and recklessly indifferent to the rights of Plaintiff. Plaintiff is entitled to punitive damages because Defendant's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment. Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand:

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT V
## FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Retaliation:

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Retaliation, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

51.  Plaintiff, Ms. Johnson was subject to disparate treatment, harassment and/or other adverse action due to her Race, which is Black, and her National Origin, which is African. (As specified above).   Ms. Johnson then lawfully objected to and complained to DOAH's personnel, including supervisor(s) of Plaintiff and the decision maker(s) as to her adverse treatment regarding these violation of her rights.  She complained that the treatment was abusive, harassing and discriminating (adverse treatment) relating to her being Black and of African descent.

52.  The complaints and objections of Plaintiff, Ms. Johnson, were made with the good faith belief that DOAH was acting illegally and/or were made by Ms. Johnson having had a reasonable basis for believing DOAH was acting illegally in violation of her rights as a Black person of African descent in the employment place.  DOAH did in fact act illegally by adversely affecting, harassing and disparately treating Ms. Johnson due to her Race which is Black and National Origin which is African.

53.  As a direct and proximate result of these complaints and petitions lodged by Plaintiff, Ms. Johnson, to Defendant, DOAH, Ms. Johnson was adversely effected by DOAH and/or discharged from her employment with DOAH on or about June 6, 2016.

54.  At the time of termination of Plaintiff, Ms. Johnson, and at the time of the adverse effect visited upon her by Defendant, DOAH, DOAH was aware of the charges/complaints of discrimination and harassment made against it and the objections to the violations of Federal and State Law, Rule or Regulation aforementioned voiced by Ms. Johnson.

55.  The Plaintiff, Ms. Johnson's, discharge from her employment by Defendant, DOAH, and the adverse employment action taken by DOAH, against Ms. Johnson were causally related to the

complaints and petitions Ms. Johnson made to DOAH concerning the racially discriminatory treatment and harassment of persons of the Black Race and/or of African National Origin.

56. When Defendant, DOAH's, agent(s) engaged in the aforesaid actions of terminating Plaintiff, Ms. Johnson, and/or adversely affecting her employment, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

57. As a direct and proximate result of the actions of the Defendant, DOAH, Plaintiff has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

58. The actions of terminating Plaintiff, Ms. Johnson, due to her complaints about the unlawful actions of Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson. Ms. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, and malicious and were recklessly indifferent to the Plaintiff's Federally protected rights.

59. Any alleged legitimate, non-discriminatory reason for discharge and or adverse treatment are mere pretexts for the actual reason for termination: retaliation for complaining about discrimination by Defendant against Plaintiff due to her Race which is Black and National Origin which is African.

**PRAYER FOR RELIEF**

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment. Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful,

award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

### COUNT VI
### FLORIDA STATUTE S. 760.10, FLORIDA CIVIL RIGHTS: Harassment (Race/National Origin)

COMES NOW, Plaintiff, Shavon Johnson, pursuant to Section 760.10 of the Florida Civil Rights Act, sues Defendant, DOAH, for Race/National Origin based harassment, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

60.  Plaintiff, Ms. Johnson, was subject to severe and pervasive mistreatment, harassment and/or adverse action due to her Race of Black and National Origin of African.

61.  The harassment was so severe and pervasive that it altered the terms and conditions of her employment.  Due to her Race/National Origin Ms. Johnson suffered abusive and unequal treatment. (As herein referenced).

62.  Further, Plaintiff, Ms. Johnson, was subject to the ultimate form of punishment, termination based upon lies and pretexts which were unworthy of belief.

63.  When Defendant, DOAH's, agent engaged in the aforesaid actions of harassing and adversely affecting Ms. Johnson's employment terms, he/she was acting within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

64.  As a direct and proximate result of this harassment and adverse effects visited upon Plaintiff, Ms. Johnson, by Defendant, DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

65.  These harassing actions by Defendant, DOAH, were wanton, willful and recklessly indifferent to the rights of Plaintiff, Ms. Johnson.  Mr. Johnson is entitled to punitive damages because DOAH's actions were wanton, willful, malicious and were recklessly indifferent to the Plaintiff's State and Federally protected rights.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.

## COUNT VII
## 42 USCA 1983:

COMES NOW, Plaintiff, Shavon Johnson, sues Defendant, DOAH, for violations of her rights under 42 USCA Section 1983, realleges as if set forth herein paragraphs 1-25 of this initial complaint and states:

66.  DOAH deprived Mr. Johnson of rights, privileges and immunities secured by the 14th Amendment to the Constitution of the United States. The Equal Protection Clause of the 14th Amendment guarantees that an individual will not be treated differently due to the person's Race or National Origin.   Ms. Johnson was intentionally discriminated against due to her Race and/or National Origin when the State: 1). Made it a condition of Ms. Johnson's employment that she

endure being exposed to the use of words "Nigger" and "Cracker"—which demeans her Black Race and/or African National origin. These words have undertones from a period of history when Blacks were diminished under the most extreme conditions by being slaves and being classified as chattel, or property of whites, who had no human dignity rights under the law.  Ms. Johnson's co-worker, Ms. Karen Vega (of White Cuban descent) used the word "nigger" continuously; even after Mr. Johnson complaining about the use of this word.  No non-African Black person had as a condition of their employment to endure such derogatory and hateful speech; 2). Made it a condition of Ms. Johnson's employment that she endure exposure to a white co-employee taking pride in calling herself a "cracker" and Ms. Vega calling this person a "cracker". This word is known by Ms. Johnson to mean: a "white slave driver…. 'crack the whip'" upon the back of the African which the white person had ownership rights to. No non-African Black person had as a condition of their employment to endure such derogatory and hate filled speech. 3). Punished Ms. Johnson by termination due to her taking approved leave to go to her daughter's graduation ceremony, but permitted a non-Black/African American (White) to go to a similar ceremony on the same day without any criticism or punishment. 4). Inventing lies as to Ms. Johnson not having approval to go to her daughter's graduation (when the subject matter is documented). However, Defendants did not  attack the reputations of a non-Black/African American with such misrepresentations;  5). Criticizing Ms. Johnson for taking time to attend to her daughter's medical needs, but not doing so for any non-Black/African employee; 6). Terminating Ms. Johnson for behavior found permissible by non-Black/African employees. 7). Inventing excuses to terminate Ms. Johnson, but taking non such action against non-Black/African employees. 8). Retaliating against Ms. Johnson by terminating her because of her

complaints about the racist language, but not taking adverse action against a non-Black/African person for making complaints about other work conditions.

67. This unequal treatment of Ms. Johnson by the State/DOAH, was due to Ms. Johnson's Race/National Origin.  This disparate and adverse behavior by the State was done knowingly and with the intent to discriminate against Ms. Johnson due to her Race being Black and/or her National Origin being African.

68.  The decisions to terminate Ms. Johnson based upon her race and/or national origin and her complaints of Racial and/or National Origin discrimination and harassment; and, the decision to permit Ms. Johnson to be harassed and discrimination against due to her Race and/or National Origin, were decisions by the DOAH based upon their local policy to permit harassment and discrimination based upon Race and National Origin

69. These aforereferenced violations of Ms. Johnson's 14th Amendment Rights were accomplished under color of state law by misuse of power, possessed by virtue of state law, and made was possible only because the Defendant was clothed with the authority of state law.

70. The decision to permit this adverse and disparate treatment was accomplished by a person with supervisory and decision making authority at DOAH, while acting under his or her authority and, under color of State Law.

71.  As a direct and proximate result of this violation of Ms. Johnson's Fourteenth Amendment Rights under the United States Constitution and adverse effects visited upon Plaintiff, Ms. Johnson, by DOAH, she was injured, suffering damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

## PRAYER FOR RELIEF

Plaintiff, Shavon Johnson, hereby demands that the Defendant reinstates Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time she would have worked and/or enjoyed benefits absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant pay compensatory damages for Plaintiff's physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### **Jury Trial Demand**

Plaintiff, Shavon Johnson, demands a trial by jury on all issues trialable of right by a jury.


Respectfully Submitted,

Law Office of Joseph S. Shook, Esq.

BY:_____s.s_____

Joseph S. Shook, Esq., FBN: 0780715, Attorney for Shavon Johnson

75 Valencia Ave.,  #4th Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

shooklaw@bellsouth.net          Dated:_____04/05/2021_____

1

**IN AND FOR THE 11ᵀᴴ JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA**

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                        Case no: 21-

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

**COMPLAINT**

**EXHIBIT 1**

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 510-2016-03878 |

| Florida Commission On Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Shavon Johnson | (904) 631-6993 | 09-15-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| 19920 N.W. 32 Avenue, Miami Gardens, FL 33056 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DIVISION OF ADMINSTRATIVE HEARING | 201 - 500 | (305) 377-5413 |

| Street Address | City, State and ZIP Code |
|---|---|
| 401 N.W. 2nd Avenue, Suite N-918, Miami, FL 33128 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  02-09-2016    Latest  06-06-2016

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My race is Black, and my national origin is African American. I was employed by the above name employer as an Administrative Secretary from December 24, 2015, until I was I terminated in retaliation after I complained of racist comments. On February 9, 2016, Co-worker, Karen Vega (White, Cuban) often used the derogatory words to describe Black individuals and White individuals, (Niggers, Crackers) during her conversations while in the office. I asked Ms. Vega to stop using those words and told her that I found her use of those words offensive. However, after having the conversation with her, Ms. Vega continued to use "nigger" even more. For instance, she used the words on several dates 4/4/2016, 4/5, 4/12, 4/29/2016, so I complained to Judge Charles Hill (White). Judge Hill reassured me that he was going to speak with Ms. Vega and ask her to stop her using those words. However, after Judge Hill spoke to Ms. Vega, she began to speak in Spanish and continued to use Nigger in her conversation. I complained again to Judge Hill, however, he did not take any action. Judge Hill asked me to get with the program and be a team player. Soon afterward, My personal information was given out to Ms. Vega, who then printed out my personal time and discussed my time off with my other coworkers. For two weeks, I was the joke around the office for using my available time for doctors' appointment. On June 6, 2016, I was called into Judge Hill's office and was told that I was terminated in retaliation after I complained about the harassment.

When I asked why I was being terminated, I was told by Judge Hill that he could not discuss that with me.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jun 07, 2016 _____ Date    X _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CCOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s)<br><br>510-2016-03878 |
|---|---|---|

| Florida Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe I was discriminated against because of my race, Black and national origin, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT |
| **Jun 07, 2016**<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

1

## IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                      Case no: 21-

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## COMPLAINT

## EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami Direct Dial: (305) 808-1740
FAX (305) 808-1855

Charge No: 510-2016-03878C

Shavon Johnson                                                    Charging Party
19920 N.W. 32 Avenue
Miami Gardens, FL 33056

DIVISION OF ADMINSTRATIVE HEARINGS                    Respondent
c/o Stephanie R. Hayes, Esq. Staff Counsel
Division of Administrative Hearings
Office of the Judges of Compensation Claims
1180 Apalachee Pkwy,
Tallahassee, FL 32301

Letter of Determination

Under the authority vested in me by the Commission, I issue the following determination as to
the merits of the above-cited charge, filed under Title VII of the Civil Right Act of 1964, as
amended (Title VII). Timeliness and all other jurisdictional requirements for coverage have been
met.

Charging Party, an Administrative Secretary, alleges that she was discriminated against because
of her race, (Black), in violation of Title VII. Charging Party alleges that Keren Vega, race
(White), national origin, Cuban used derogatory words to describe Black and White individuals
as "Nigga's" & "Crackers." Charging Party alleges that she asked Keren Vega to stop using
these words because they were offensive. According to the Charging Party, Ms. Vega continued
used the word "Nigga" on several occasions. Charging Party alleges she complained to Judge
Charles Hill, race (White) and he informed Charging Party that he would speak to Ms. Vega;
however, the harassment continued, and Ms. Vega continued using the racial slurs, but in
Spanish. Charging Party complained again and discussed her issues with Judge Hill a second
time and Judge Hill took no action. Charging Party alleges that afterwards she discovered her
personal information was being given to Ms. Vega and her time sheet information was discussed
with other co-workers. Lastly, Charging Party alleges that Respondent terminated her in
retaliation for complaining about the harassment.

Having reviewed and examined the evidence and based on this analysis, the Commission finds
that the evidence obtained does establish a violation under Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission
attempts to eliminate the alleged unlawful practices by informal methods of conciliation. In this
regard, conciliation of this matter has now begun. Please be advised that upon receipt of this
Determination, the Commission will consider any reasonable offer to resolve this matter.

Please complete the enclosed Invitation to Conciliate, EEOC Form 153, and return it to the
Commission at the above address on or before fifteen (15) days from the date of this letter. You
may fax your response directly to (305) 808-1855, to the attention of MICHAEL S.

Letter of Determination
EEOC Charge No. 510-2016-03878C
Page 2 of 4

MATHELIER, EEOC Investigator.   You may also contact us to schedule a Conciliation Conference to be held in our Miami office.    Please be advised that the confidentiality provisions of Sections 706 and 709 of Title VII and the Commission's Regulations apply to information obtained during conciliation.

Failure to respond within fifteen (15) calendar days of the date of this letter will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII have not been successful.   Should you have any questions, please contact Investigator MICHAEL S. MATHELIER at (305) 808-1797.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.   Discrimination against persons who have cooperated in Commission's investigations is also prohibited.   These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

AUG 0 2 2...
_____
Date

Michael J. Farrell
District Director

Enclosures: Invitation to Conciliate

cc: Charging Party Representative

Shavon Johnson
c/o Joseph S. Shook, Esq.
75 Valencia Avenue, 4th Floor
Coral Gables, FL 33134

1

## IN AND FOR THE 11TH JUDICIAL CIRCUIT IN and For MIAMI DADE COUNTY, FLORIDA

SHAVON JOHNSON, an individual,
     Plaintiff,

Vs.                                                                    Case no: 21-

STATE OF FLORIDA, Division of Administrative
Hearings,
     Defendant.
_____/

## COMPLAINT

## EXHIBIT 3



**U.S. Department of Justice**

Civil Rights Division

DLK:KDW:KLF
DJ   170-17M-438

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

CERTIFIED MAIL 7003 0500 0002 5071 3645
RETURN RECEIPT REQUESTED

Mr. Michael J. Farrell, District Director
Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Ste. 1500
Miami, FL  33131

> Re:   Edwin Feliciano v. Orange County Public School Board
> EEOC Charge No. 510-2015-04333

Dear Mr. Farrell:

        It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).

        We have forwarded the charging party a notice of right to sue, a copy of which is enclosed.  We are returning all files in this case to your office and have informed the charging party of their availability.

                        Sincerely,

                        Delora L. Kennebrew
                        Chief
                        Employment Litigation Section

                By:

                        Karen D. Woodard
                        Principal Deputy Chief
                        Employment Litigation Section

Enclosures

## FW: Johnson, Shavon 510-2016-03878 RTS letters

From: Ferguson, Karen (CRT) (karen.ferguson@usdoj.gov)

To:    shooklaw@bellsouth.net

Cc:    jessica.weeks@usdoj.gov; michael.mathelier@eeoc.gov; kevin.neja@doah.state.fl.us

Date:  Thursday, January 14, 2021, 02:18 PM EST


Good afternoon,


The subject letters are attached.  The 90-day period begins upon receipt.  Please respond to this email to acknowledge receipt.


Karen Ferguson, Supervisory Civil Rights Analyst

USDOJ, Civil Rights Division, Employment Litigation Section

4 Constitution Square

150 M Street, N.E. Room 9.514

Washington, D.C. 20530

202-514-2302




**From:** Woodard, Karen (CRT)
**Sent:** Thursday, January 14, 2021 2:01 PM
**To:** Ferguson, Karen (CRT) <Karen.Ferguson@crt.usdoj.gov>
**Subject:** RE: Johnson, Shavon 510-2016-03878 RTS letter.pdf


Karen,

Here you go.




**From:** Ferguson, Karen (CRT)
**Sent:** Thursday, January 14, 2021 1:02 PM
**To:** Woodard, Karen (CRT) <Karen.Woodard@crt.usdoj.gov>
**Subject:** Johnson, Shavon 510-2016-03878 RTS letter.pdf


Please sign

1/14/2021                              (106 unread) - shooklaw@bellsouth.net - AT&T Yahoo Mail

 Johnson Shavon 510-2016-03878 RTS letter.pdf
155.9kB

 Johnson Shavon Return to EEOC - Miami.pdf
156.2kB